By the Court.—Monell, Ch. J.
Upon the mo *145 tion for a new trial, the question was presented of the sufficiency of the evidence, to sustain the finding of the jury, and upon the appeal from the order denying the motion, we are asked to examine the evidence, and see on which side the clear weight of it lies.
The motion in this case was made at special term, and not upon the minutes of the court, and is, therefore, not within the rule stated in Rowe v. Stevens (34 Sup'r Ct. R. 436), and Carnes v. Platt (36 Id. 361). We are at liberty, therefore, to look at the evidence, notwithstanding no request to the court to direct a verdict was made at the trial.
The question submitted to the jury was whether the interest due September 1, 1870, was paid within the thirty days allowed by the bond, and the question turns on the plaintiffs theory, upon whether the check of A. P. Smith, dated October 10, 1870, was a post-dated check, received before its date, and during September. The court instructed the jury if it was so received, and was received as payment of the September interest, it was sufficient to satisfy the condition of the guaranty.
There was nothing in the evidence, I think, to warrant any conclusion other than that the A. P. Smith check served to pay the September interest. Mr. Wandell, who held the bond and mortgage for the plaintiff, testified that the interest, which fell due on September 1, had been promptly paid, paid on September 1, in money—in cash. He afterwards qualified this, by saying it might have been paid by check, which he considered cash. This evidence, therefore, is insufficient to overthrow the very positive proof, that the A. P. Smith check was given and received for the September interest, and leaves the question of payment to be determined upon whether it was post dated, and received, in fact, prior to its date, and within the thirty days after the interest became due.
*146 The only evidence that the payment was within the thirty days, was that of Wandell, before alluded to, and which was, that it had been promptly paid on September 1, by money or check. The plaintiff offered no other proof, and there were no corroborating or other circumstances to satisfy or strengthen the proof that the payment was on that day.
Smith, the drawer of the check, was a witness for the defendant, and testified that he was a brother of the mortgagor; that the check was delivered by him on the day it bears date—October 10, 1870,—to either Peck or Wandell, the payees.
The check was endorsed “ Peck & Wandell, per Jno. P. Kane.” The witness says he paid the check at the office of Peck & Wandell to one or the other, in the presence of their book-keeper. The witness had no-recollection of the day the checji was delivered, apart from the day of its date written upon the check, looking at which enabled him to say it was delivered on the day of its date.
The following is some of his testimony :
Q. What day of the month was it that you paid the check ?
A. The 10th ; I saw by the check.
Q. Is that your only recollection %
A. That is the means I have—the only means I have.
Q. That is all the means you have 1
A. Yes, sir. ■
Q. You have no recollection outside of that date ?
A. The check is all that guides me to the date of ' the payment.
Q. Have you any recollection whatsoever other than that afforded by this date on the check %
A. That covers the date, do you mean sir ?
Q. Yes.
A. I have not.
*147 Q. You are not able to say, then, that it was paid on the 10th ?
A. Nothing only from that.
Q. You have no impression whether it was paid on the 10th in fact, from recollection ?
A. My impression is—I don’t know that I have any impression about it really ; I judged—that is my evidence—it satisfies my mind that I paid it then.
Q. That is not a precise answer to my question; I have a right, aside from this date, to know if you have any recollection of the fact of paying this check on the 10th ?
A. I have hot.
The stump of the check-book shows the date of the check October 10. There is a prior and three subsequent checks of the same date, to other persons. And one of October 11, between two of October 10.
Smith, the mortgagor, also testified that he accompanied his brother, the day the check was delivered, to the office of Peck & Wandell, and that it was the 10th day of October. This is some of his testimony :
Q. Now state to the jury how you know it was the 10th of October ?
A. I know it by the check and by the stub of the check-book; that is the only means I have of remembering that day particularly.
Q. You have no other recollection of it whatsoever?
A. No other recollection ; no, sir.
Wandell on being recalled said he had never seen the check until that day: that he had seen A. P. ■Smith at some time at his office. He was then asked:
Q. Did you on that occasion give any consent to extend the time for the payment of the interest due on September 1, or did you give any indulgence in that respect ?
A. No, sir. I never received any check for the payment of interest in the month of October.
*148 He stated that Kane had. authority to endorse checks for them that were intended for deposit, and that the check in question was endorsed by him and deposited to the credit of Peck & Wandell. He also testified that their book-keeper always received the interest and gave a receipt, and endorsed it upon the bond.
It seems to me upon all this evidence that the jury was not authorized to find that the check of October 10 was received on any day other than that of its date. It is evident that that check paid the September interest; and yet Wandell says he never saw it, and never received it; and if it is true that, as he says, the interest was promptly paid on September 1, then it was twice paid, unless the October check was received on September 1. But of that there is no proof. Wandell does not say so. On the contrary his whole testimony repudiates any such pretense, for he expressly says he “ never granted any indulgence or any extension for the payment of the September interest.” The bookkeeper, who usually received the interest, and who may have received the check, and who might have told when it was received, was not called as a witness.
The evidence, therefore, of the check itself, with its date of October 10 unexplained, would bejpresumptive evidence that it was delivered on the day of its date, which presumption would need to be repelled by plaintiff, by proof that it was post dated. There is no such proof in the case.
The corroborative proof is also strong. The stump of the check and the testimony of the two Smiths, the fair weight of whose evidence, notwithstanding their want of personal recollection, is that the check was delivered on October 10.
Looking, therefore, at all the evidence and giving due weight to the fact that the Smiths had to refresh their recollections by looking at and being wholly guided by the date on the check, I am of the opinion *149 that the clear weight of the evidence was with the defendant. A little evidence on the part of the plaintiff might have caused such a conflict as would have made it improper to disturb the verdict. But she gave none. The check, which was probably given to the bookkeeper, was presumptively, and according to the testimony of the two Smiths, delivered on the day of its date. This is not contradicted, except inferentially by Wandell, who says the interest was paid on September 1, but he also says there was no indulgence or extension. This evidence of Wandell, however, is so inconsistent with the uncontroverted fact that the interest was not paid until the check was paid,—although its prior receipt might operate as a payment for some purposes,—that he must have been mistaken in saying the interest was promptly paid on September 1.
The Smiths were disinterested. It was of no consequence to them, so long as the interest was paid, whether it was paid on September 1 or October 10, and there is nothing to discredit their testimony.
The foreclosure action of the second or guaranteed mortgage was quite unnecessary. The deficiency was found upon the foreclosure of the first mortgage, and the action upon the guaranty could have been maintained at once, without resort to the second foreclosure. But this only affects the amount of the recovery, which should be limited to the deficiency remaining after the receipt of the surplus moneys. In other words, the defendant should not be made to pay the costs of the second foreclosure suit.
I am of the opinion that the judgment and order should be reversed ; but as it is reversed solely on the facts, it must be on payment of the costs of the trial, in which event a new trial is ordered, but without costs of the appeal to either party.
Sedgwick, J., concurred.